BLD-028                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3045
_____

KAREEM HASSAN MILLHOUSE,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-16-cv-00239)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: November 16, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kareem Hassan Millhouse, a federal prisoner proceeding pro se, appeals from orders of the United States District Court for the Middle District of Pennsylvania rejecting his petition for a writ of habeas corpus, 28 U.S.C. § 2241, and denying his motion for reconsideration. Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

On November 17, 2015, while Millhouse was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, he was issued an incident report charging him with fighting with his cellmate. Millhouse was advised of a hearing on the charge, but he waived his right to staff representation, provided no documents, and declined to appear. A disciplinary hearing officer (DHO) found Millhouse guilty after considering the incident report, memoranda from four corrections officers, medical records, post-incident photographs of Millhouse and his cellmate, and video surveillance footage of an area near where the fight occurred. The DHO sanctioned Millhouse to the loss of 27 days of good conduct time, 30 days of disciplinary segregation, and 90 days of loss of commissary and visiting privileges. Millhouse filed an appeal of the DHO's decision with the Bureau of Prison's (BOP) Regional Director. He never received a response, however, and concedes that he did not file an appeal to the BOP's Central Office.

In February 2016, Millhouse filed a petition under § 2241, which he later amended, alleging that his due process rights were violated in connection with the disciplinary hearing. The District Court sua sponte dismissed the petition, holding that

2

Millhouse had failed to exhaust his administrative remedies and that his claim was inexcusably procedurally defaulted. Millhouse filed a timely motion for reconsideration, which the District Court denied. Millhouse appealed.[1]

A § 2241 petition is the appropriate vehicle for raising constitutional claims when a prison disciplinary proceeding results in the loss of good conduct time. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). A federal prisoner must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Proper exhaustion requires that a petitioner assert an issue or claim at every administrative level. Id. at 761. Pursuant to BOP regulations, a federal prisoner found guilty at a DHO hearing may appeal the decision to the Regional Director, who must respond within thirty days of the appeal's filing. 28 C.F.R. §§ 542.14(d)(2); 542.18. Following the Regional Director's denial, an inmate may appeal to the General Counsel in the Central Office. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." Id.

We agree with the District Court that Millhouse failed to exhaust his administrative remedies because he did not seek Central Office review.[2] Because the

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Failure to exhaust is an affirmative defense and generally should not be the basis of a sua sponte dismissal. See Ray v. Kertes, 285 F.3d 287, 295-96 (3d Cir. 2002). But in this case, sua sponte dismissal was appropriate because Millhouse indicated in his petition that he did not seek review in the Central Office after the Regional Director failed to respond to his appeal from the DHO's decision. Id. at 293 n.5 (noting that a

3

time for seeking such review has expired, Millhouse's claim is procedurally defaulted. Moscato, 98 F.3d at 760. Therefore, judicial review is barred unless he can demonstrate cause and prejudice. Id. at 761-62.

Millhouse attempted to make that showing by arguing that the Regional Director's failure to respond to his appeal prevented him from fully exhausting his administrative remedies. Notably, however, that failure to respond did not foreclose Millhouse from seeking review in the Central Office. To the contrary, the regulations provide that "[i]f the inmate does not receive a response within the time allotted for reply . . . the inmate may consider the absence of a response to be a denial at that level." § 542.18; see also Moscato, 98 F.3d at 762 (concluding that there was no cause for default of administrative remedies where petitioner failed to allege any "external impediment" to filing a timely appeal). Millhouse therefore failed to demonstrate cause for his failure to exhaust administrative remedies. Finally, we conclude that the District Court did not abuse its discretion in denying Millhouse's motion for reconsideration, wherein he again alleged that the failure to exhaust should be excused by the Regional Director's failure to respond. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673, 677 (3d Cir. 1999) (stating that a motion for reconsideration, which is reviewed for abuse of discretion, may be granted on one of the following grounds: "(1) an intervening change in the controlling

district court may "dismiss sua sponte a complaint which facially violates a bar to suit").

law; (2) the availability of new evidence that was not available . . . ; or (3) the need to correct a clear error of law or fact or to prevent injustice.").

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.